Mr. Charles M. Harris Attorney Titusville-Cocoa Airport Authority 509 Palm Avenue Post Office Box 669 Titusville, Florida 32781-0669
Dear Mr. Harris:
This is in response to your request for an opinion on substantially the following question:
 MAY THE TITUSVILLE-COCOA AIRPORT AUTHORITY ATTEMPT TO REDUCE THE SPEED OF VEHICLES TRAVELING ALONG AN ACCESS ROAD OWNED AND MAINTAINED BY THE AIRPORT AUTHORITY THROUGH THE USE OF SPEED BUMPS?
The Titusville-Cocoa Airport Authority was created as a special taxing district located in Brevard County. See, Ch. 63-1143, Laws of Florida, as amended by Chs. 67-1151, 69-863, 70-600, 72-472, 80-457, 81-348 and 82-267, Laws of Florida. According to your letter the Authority owns and operates an airport in Merritt Island. An access road, which you state is not a county road but is owned and maintained by the Authority, provides access into the airport from two directions. Because of repeated incidents of night-time drag racing along this access road and the property damage which has been caused, the Authority has installed speed bumps for the purpose of reducing the speed of vehicles traveling along the road. A question, however, has been raised as to whether the Authority's action constitutes an unlawful obstruction of the road under s 316.2045, F.S., and you therefore inquire as to whether the airport authority may attempt to exercise traffic control jurisdiction over this road and reduce the speed along the access road by the use of speed bumps.
As you state that the access road is not a county road, it is assumed for purposes of this inquiry that the road in question has not been formally accepted by the county commission or duly established as a county road or properly made part of the county road system. See generally, s 334.03 (23), F.S., defining the county road system. The Florida Uniform Traffic Control Law, Ch.316, F.S., however, does not limit its application or enforcement to roads in the county which are county maintained but rather applies anywhere throughout the county where the public has the right to travel by motor vehicle. See, s 316.072(1), F.S., providing that Ch. 316 shall apply "upon all state-maintained highways, county-maintained highways, and municipal streets and alleys and wherever vehicles have the right to travel." (e.s.) And see, s 316.003(54), F.S., defining "street or highway" for purposes of Ch. 316 as "[t]he entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic or any area, such as a runway, taxiway, ramp, clear zone, or parking lot, within the boundary of any airport owned by the state, a county, a municipality, or a political subdivision, which area is used for vehicular traffic but which is not open for vehicular operation by the general public." See also, s 1.01(9), F.S., defining "political subdivision" and other terms. Compare, s316.003 (34), F.S., defining private roads or driveways as privately owned places or ways used for vehicular traffic by persons having the express or implied permission of the owner but not by other persons.
A determination as to the precise nature and extent of the use of the affected property and whether the public has acquired a right to travel thereon presents a mixed question of law and fact which this office cannot resolve. If, however, the public has the right to travel on the access road, then the provisions of Ch. 316 are applicable to and may be enforced on such a road. Pursuant to s316.006, F.S., jurisdiction to control traffic is vested only in the state (through the Department of Transportation), chartered municipalities and the counties. And see, s 316.640 which vests the enforcement of the traffic laws of this state only in the state and its agencies, the counties and charter municipalities; specifically s 316.640(2) which requires the sheriff's office to enforce the traffic laws on all streets and highways and elsewhere throughout the county wherever the public has the right to travel by motor vehicle. Moreover, s 316.008 authorizes only "local authorities," defined in s 316.003(20) as including officers and public officials only of the several counties and municipalities, to exercise the police power to regulate traffic by means of, inter alia, police officers or official traffic control devices, restricting the use of streets and by altering or establishing speed limits within the provisions of Ch. 316. See, s316.008(1)(b), (g) and (j), F.S., respectively. And see, s316.008(1)(v) which authorizes "local authorities" to regulate, restrict or prohibit traffic within the boundary of any airport owned by the state, a county, a municipality, or a political subdivision and to enforce violations under the provisions of Chs. 316 and 318. A special district, however, has not been granted the authority or jurisdiction to control travel under Ch. 316 or to enforce the traffic laws of this state. Cf., AGO 81-18 wherein this office stated that an agreement between a county and an independent water control district to provide traffic control functions on public roads currently maintained by the district was unnecessary and inappropriate and would have no legal efficacy since Ch. 316 vests no traffic control authority in such districts. Accordingly, I am of the opinion that the airport authority does not possess the authority to exercise traffic control jurisdiction pursuant to Ch. 316 over the access road. The Board of County Commissioners of Brevard County, however, pursuant to s 316.008(1)(v), F.S., is authorized to exercise traffic control jurisdiction over and to regulate, restrict or prohibit traffic within the airport property or on the access road within the boundaries of the district airport. See, s 1.01(9), F.S., defining "political subdivision" to include "all other districts."
As to whether the construction of the speed bumps violates s316.2045, the statute provides in part:
 It is unlawful for any person or persons willfully to obstruct the free, convenient, and normal use of any public street, highway, or road, by impeding, hindering, stifling, retarding, or restraining traffic or passage thereon, or by endangering the safe movement of vehicles or pedestrians traveling thereon; and any person or persons violating the provisions of this chapter, upon conviction, shall be punished as set forth in s. 316.655.
See also, s 316.2035(3), F.S., which makes it unlawful to obstruct, dig up or in any way disturb any street or highway. I am not aware of any judicial decision under the foregoing statutes (or under ss 316.104 and 316.105, F.S. 1975 as these statutes were formerly numbered) interpreting what constitutes an obstruction of the free, convenient and normal use of a road. In the absence of such a judicial determination or any specific legislative direction as to what is included within the terms of ss 316.2045
and 316.2035, this office cannot say that the installation of speed bumps on the access road constitutes an unreasonable obstruction to the reasonable use of this road or substantially interferes with its intended, designed or normal use.
Accordingly, I am of the opinion that if the public has the right to travel by motor vehicle on the access road owned and maintained by the Titusville-Cocoa Airport Authority and located entirely within its territorial limits, then it is the county commission which may regulate traffic on such access road and the sheriff's department which must enforce the traffic laws on such road, not the airport authority. As to whether the construction of speed bumps on this road constitutes an unlawful obstruction of such road in violation of ss 316.2035 and 316.2045, however, in the absence of any judicial precedent on these statutes or any specific legislative definition or direction, I cannot state that such speed bumps constitute an unreasonable obstruction to or substantially interfere with the intended, designed or reasonable use of this road. Pursuant to s 316.008(1)(v), F.S., the Board of County Commissioners of Brevard County is authorized to exercise traffic control jurisdiction over and to regulate, restrict or prohibit traffic within the airport property or on an access road owned and maintained by a special airport district and located within its boundaries.
Sincerely,
Jim Smith Attorney General
Prepared by:
Joslyn Wilson Assistant Attorney General